LARCHMONT ENGINEERING, INC.,
Plaintiff-Appellee,

v.

TOGGENBURG SKI CENTER, INC.,
et al., Defendants-Appellants.

LARCHMONT ENGINEERING, INC.,
Plaintiff-Appellee,

v.

GREEK PEAK, INC., et al., Defendants-
Appellants.

Nos. 851, 852, Dockets 35830, 35831.

United States Court of Appeals,
Second Circuit.

Submitted May 26, 1971.

Decided June 18, 1971.

Martin Kirkpatrick, Fish & Richardson, Boston, Mass., Arthur W. Bedell, Albany, N. Y., of counsel, for plaintiff-appellee.

Roger B. McCormick, McCormick, Paulding & Huber, Hartford, Conn., Donald H. Miller, Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y. and Theodore Fenstermacher, Folmer, Ryan, Fenstermacher & Yesawich, Cortland, N. Y., of counsel, for defendants-appellants.

Before KAUFMAN, ANDERSON and MANSFIELD,* Circuit Judges.

PER CURIAM:

In these two patent infringement suits defendants appeal from so much of the order of the district court as denied them an award of costs and attorney fees without hearing or taking evidence, upon granting plaintiff's (Larchmont) motion for a voluntary dismissal with prejudice and without costs pursuant to Rule 41 (a) (2), F.R.C.P. We find no error and affirm.

The relevant facts are simple. On January 9, 1967, Larchmont sued defendants, the operators of two ski slopes, seeking to restrain alleged infringement of a patent relating to manufacture of "man made snow." Defendants filed

* Of the United States District Court, Southern District of New York, sitting by designation, at time of submission.

answers denying infringement, asserting various affirmative defenses and claiming attorney fees and compensatory and punitive damages. Extensive pretrial discovery followed. For various reasons, including the death of Larchmont's principal counsel, prosecution of the action was delayed. On June 2, 1970, Larchmont moved for voluntary dismissal with prejudice pursuant to Rule 41(a) (2) "with each of the parties to bear its own costs and attorneys' fees," pointing out that the patent would soon expire.

Defendants did not object to dismissal but contended that they should be awarded counsel fees as well as compensatory and punitive damages and that the court should hold a hearing to permit them to present evidence developed through discovery which would bear on the question of bad faith. Defendants relied principally upon 35 U.S.C. § 285, which provides "The court in exceptional cases may award reasonable attorney fees to the prevailing party." After hearing the parties Judge Port granted Larchmont's motion to dismiss "with prejudice without cost to either party," finding an insufficient showing of bad faith to warrant his holding the requested hearing.

We find no abuse of discretion in Judge Port's ruling. Indeed, to have ruled otherwise would have been extraordinary. The statutory provision for awarding attorney fees in patent cases is normally invoked only at the end of litigation, see Brand Plastics Co. v. Dow Chemical Corp., 168 U.S.P.Q. 133 (C.D. Cal.1970); R. Milgrim, Sears to Lear to Painton: Of Whales and Other Matters, 46 N.Y.U.L.Rev. 17, 32 n. 63 (1971). The legislative history of § 285 indicates that Congress intended, even after trial, that it be used sparingly, Union National Bank of Youngstown v. Superior Steel Corp., 9 F.R.D. 117, 121 n. 2 (W.D.Pa. 1949), since it represents a departure from the usual rule that counsel fees are not awardable to the prevailing party in an action at law, Smoot v. Fox, 353 F.2d 830 (6th Cir. 1965) (libel), and the broad policy against allowing costs to be erected as an undue barrier to litigation, cf.

Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed. 2d 248 (1964).

Defendants' assertion of valid misuse defenses does not establish that the suit was brought in bad faith; nor would proof of such defenses at trial necessarily entitle them to an award of counsel fees. After pretrial discovery revealed the weaknesses of its claims, Larchmont may well have decided in good faith to minimize litigation expense by foregoing its claims and by taking a voluntary dismissal. Such a move should not be discouraged by the threat of imposing attorney fees. The question is peculiarly one within the discretion of the *Nisi Prius* judge who in this case was more familiar than we are with the claims and with the likelihood of defendants' establishing bad faith. He should not be straitjacketed by a ruling that would have the effect of mandating a hearing.

The order is affirmed.