**Cleo Mable BARRINER and Jewel Norman Barriner, Plaintiffs,**

v.

**Valorie Lynn STEDMAN and Ray Edwin Stedman, Defendants.**

**No. CIV–78–0952–D.**

United States District Court,
W. D. Oklahoma.

June 3, 1980.

Robert B. Smith, Oklahoma City, Okl., for plaintiffs.

Ronald L. Day, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This action was brought by Plaintiffs under the Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, and 42 U.S.C. § 1983 of the Civil Rights Act. From the record before the Court, it appeared that Christy Len Stedman (Christy), a minor child, was adopted by the Defendants (Christy's paternal aunt and uncle, the latter being an adopted brother of Christy's natural father) after Christy's father shot and killed her mother in 1976. Plaintiffs are Christy's maternal grandmother and step-grandfather who attempted to adopt Christy but were prevented from doing so by virtue of a Decree of Adoption entered by the District Court of Comanche County, Oklahoma, in favor of the Defendants. Thereafter, Plaintiffs filed a Petition to Vacate the Decree of Adoption. The Comanche County District Court denied Plaintiffs' Petition and the Oklahoma Supreme Court affirmed this decision on appeal in *Barriner v. Stedman*, 580 P.2d 514 (Okl.1978). Plaintiffs then brought the instant action seeking a judgment "declaring the law of the State of Oklahoma, as a result of [*Matter of Fox*, 567 P.2d 985 (Okl.1977) and 10 Okla.Stat. Supp.1978 § 60.16], to the extent it denies the Plaintiffs the opportunity to visitation of their grandchild, be deemed to be unconstitutional." On September 20, 1979, the Court entered an Order staying this case pending determination of the issues of state law involved herein by the Oklahoma state courts. Subsequently, the Comanche County District Court entered a judgment on January 18, 1980, in the case of *In re Adoption of Christy Len Stedman*, No. A–76–108, finding that Cleo Mable Barriner had standing under 10 Okla.Stat.Supp.1978 § 60.16(3) as the maternal grandmother of Christy Len Stedman to bring an action seeking visitation rights. However, the Comanche County District Court found that Jewel Norman Barriner did not have standing to bring such an action as he was the stepfather of Debra Kay Stedman (Christy's mother), and further held that granting such visitation rights to Cleo Mable Barriner and Jewel Norman Barriner would not be in the best interests of the minor child.

On February 1, 1980, Plaintiffs filed herein a Motion to Dismiss this case on the grounds that this action is now moot in view of the Comanche County District Court's determination that Cleo Mable Barriner had standing to seek visitation rights. Defendants agree to a dismissal if said dismissal is with prejudice and if Plaintiffs are required to pay Defendants' attorney's fees and costs. Defendants base their entitlement to an attorney's fee on Rule 41(a)(2) Fed.R.Civ.P.[1] and on 42 U.S.C. § 1988 which provides for the award of attorney's fees in civil rights actions.[2]

The granting of attorney's fees (under 42 U.S.C. § 1988) in a civil rights case is discretionary with the Court. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The factors to be considered in awarding attorney's fees to a prevailing defendant in a civil rights case differ from those considered in the case of a prevailing plaintiff. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra; Davis v. Braniff Airways, Inc.*, 468 F.Supp. 10 (N.D.Texas 1979). The purpose of awarding attorney's fees in civil rights actions is intended to encourage aggrieved individuals to seek redress for violations of their civil rights. Freely allowing attor-

---

1. Insofar as Defendants request an attorney's fee as a term and condition for dismissal under Rule 41(a)(2), the Court in its discretion declines to impose the requested term and condition but will impose as a term and condition that the requested dismissal be with prejudice to future action.

2. Defendants do not rely on the bad faith exception to the "American Rule" regarding the awarding of attorney fees. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

**54**

ney's fees to prevailing defendants would have a chilling effect on the pursuit of that high objective. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra; August v. Delta Air Lines, Inc.,* 600 F.2d 699 (Seventh Cir. 1979).

■ When the prevailing party in a civil rights case is the defendant, attorney's fees should only be awarded after a finding that plaintiff's cause of action was frivolous, unreasonable or without foundation, in order to discourage frivolous or unjustified suits. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission, supra; Little v. Southern Electric Steel Co.,* 595 F.2d 998 (Fifth Cir. 1979); *Lopez v. Aransas County Independent School District,* 570 F.2d 541 (Fifth Cir. 1978); *Morales v. Dain, Kalman & Quail, Inc.,* 467 F.Supp. 1031 (D.Minn.1979); *Equal Opportunity Employment Commission v. North Hills Passavant Hospital,* 466 F.Supp. 783 (W.D.Penn.1979).

■ The instant action can hardly be classified as frivolous, unreasonable, or without foundation. The Oklahoma statute concerning the rights of grandparents in an adoption, 10 Okla.Stat.Supp.1978 § 60.16(3), was unclear as to its effect when the adopting party was a relative only through his adoption into the family and not strictly a blood relative as set out in the statute. Furthermore, prior to the enactment of 10 Okla.Stat.Supp.1978 § 60.16(3) Plaintiffs had had their rights as grandparents terminated by the Oklahoma Supreme Court. Plaintiffs' cause of action was not unreasonable and the state court recognized this by finding that Plaintiff Cleo Mable Barriner had standing to pursue the action. Plaintiffs have sought to dismiss their case as soon as it became moot by the state court's decision.

For the reasons set out above the Court finds and concludes that Plaintiffs' Motion to Dismiss should be granted and Defendants' claim for attorney's fees and costs as a prevailing party should be denied. However, Defendants request that said dismissal should be with prejudice should be granted. Accordingly, Plaintiffs' action should be dismissed with prejudice.