In re Carmine **CAPPELLI** a/k/a Cal Cappelli.

James P. **FLYNN**, Plaintiff,

v.

Louis A. **GEREMIA**, Trustee and Carmine Cappelli, a/k/a Cal Cappelli, Defendants.

Bankruptcy No. BK–7900432.
Adv. No. 80–0027.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 1, 1980.

Thomas Fogarty, Providence, R. I., for debtor.

Louis A. Geremia, Providence, R. I., trustee.

James P. Flynn, North Kingstown, R. I., for plaintiff.

## MEMORANDUM OPINION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on May 28, and June 10, 1980 on the complaint of James P. Flynn, Esq. to determine the dischargeability of a debt allegedly induced by means of misrepresentation and fraud.

On February 11, 1980, the plaintiff, an attorney, filed a complaint requesting this Court to find that a debt based on a promissory note in the amount of $1,500 for legal services provided the debtor be declared nondischargeable. The defendant filed an answer denying all pertinent allegations in the complaint, and a hearing was initially held on May 28, 1980, and concluded on June 10, 1980.

The provisions of the Bankruptcy Code governing exceptions to discharge are found in § 523, which provides in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud . . ."

■ The language adopted in § 523(a)(2) regarding conduct involving fraud or misrepresentation which will except a debt from discharge is essentially the same as that found in § 17a(2) of the Bankruptcy Act, the predecessor of the Bankruptcy Code. *See First and Merchants National Bank v. Jones*, 3 B.R. 410, 6 BCD 68 (Bkrtcy.W.D.Va.1980) (B. J. Pearson); *Komas v. Brooks*, 4 B.R. 237, 6 BCD 466 (Bkrtcy.S.D.Fla.1980) (B. J. Britton). The plaintiff bringing such an action must demonstrate by clear and convincing evidence that the defendant obtained money, (or in this case legal services) through a false representation; with intent to deceive at the time the misrepresentation was made; and that the plaintiff reasonably relied upon said misrepresentation to his detriment. *See Sweet v. Ritter Finance Co.*, D.C., 263 F.Supp. 540 (1967); *In re Lawrence*, B.K. 76–18 (D.R.I.1978); *In re Barlick* 1 BCD 412 (D.R.I.1974) (B. J. Votolato). None of these elements has been proven in this case.

■ The plaintiff offered evidence in support of his complaint through two witnesses; the debtor, Carmine Cappelli, and Pelagia Socha, the plaintiff in a separate dischargeability proceeding against the debtor. Cappelli testified that he gave the promissory note for past legal services which the plaintiff had performed, and that at the time he signed the note he intended to pay it, but fell on hard financial times shortly thereafter. Mrs. Socha's testimony, which concerned the basis for her own complaint against the debtor, was excluded.

The plaintiff has failed to establish any record upon which this court could declare this debt nondischargeable. The testimony of the debtor, Cappelli, is uncontradicted that at the time he signed the note in question he intended to pay it. Also, since the plaintiff admits that the consideration for the note was for past legal services, and that there was no contemporaneous consideration, the element of reliance is necessarily absent.

Accordingly, for the foregoing reasons, the complaint to have the defendant's debt declared nondischargeable is denied, said debt is discharged, and Judgment shall be entered in accordance with this decision within ten (10) days.

This opinion constitutes the finding of facts and conclusions of law required by

Rule 752 of the Rules of Bankruptcy Procedure.

Pursuant to § 523(a)(2), the question of attorneys' fees will be considered upon application to be filed by defendant's attorney, together with his itemized statement for services necessary to defend this action.