In the Matter of Willard BEGLEY, Paula Begley, dba Begley Nursery, Debtors.

**NEW BRITAIN GENERAL HOSPITAL EMPLOYEES CREDIT UNION, Plaintiff,**

v.

**Willard BEGLEY and Paula Begley dba Begley Nursery, Defendants.**

Bankruptcy No. 2–80–01192.
Adv. No. 2–81–0099.

United States Bankruptcy Court,
D. Connecticut.

July 20, 1981.

John F. Kania, New Britain, Conn., for plaintiff.

Bruce S. Beck, Manchester, Conn., for defendants.

1. *Section 523. Exceptions to discharge*
  (a) A discharge . . . does not discharge an individual debtor from any debt—

  .        .        .        .        .

  (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

  .        .        .        .        .

  (B) use of a statement in writing—

## MEMORANDUM AND DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

The issue to be resolved is whether the court shall require the payment of the defendants-debtors' attorney's fees as a condition of granting the plaintiff's motion for voluntary dismissal of its complaint to determine the dischargeability of a debt.

### BACKGROUND

The defendants-debtors, Willard and Paula Begley, filed their joint petition for relief, pursuant to 11 U.S.C. Chapter 7, on November 21, 1980. The court set January 26, 1981 as the last day for the filing of a complaint to determine dischargeability of a debt. On January 26, 1981, the New Britain General Hospital Employees Credit Union (Credit Union) filed an application to extend that date for 45 additional days, alleging in its application that it desired additional time to investigate whether or not Willard Begley had filed a false financial statement with the Credit Union. The court granted an extension to March 3, 1981, and on that date, the Credit Union filed its complaint, pursuant to 11 U.S.C. § 523(a)(2)(B) [1], alleging that on or about November 17, 1975, it loaned William Begley $5,000.00, relying on a materially false financial statement in writing of his financial condition. It requested that the court find this debt nondischargeable. Although Paula Begley was named a defendant in the action, no specific allegations concerning her were made in the complaint. With the complaint, the Credit Union filed a request for production of documents by the defendants. The defendants filed their answer on March 25, 1981, denying that the Credit Union was entitled to the relief sought and setting forth certain affirmative defenses.

(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive; . . . .

The defendants also filed interrogatories and a request for production of documents. Additional supplementary discovery was taken by the Credit Union. The parties then participated in a pre-trial conference, after which the proceeding was set for trial. Prior to the trial date, the Credit Union filed a motion for voluntary dismissal of its complaint "pursuant to § 741 of the Bankruptcy Rules". In a written statement accompanying this motion, as required by Local Rule 11b, the Credit Union certified that no agreement existed concerning the repayment of the debt, and that it did not wish to expend additional time and money to prove its claim. The defendants responded to the dismissal motion stating that they consented to such a dismissal "provided they are reimbursed for their reasonable attorneys (sic) fees in connection with the complaint and the voluntary dismissal thereof". The defendants included a statement of attorney's time and expense, setting forth attorney's fees in the amount of $322.50. After hearing on the motion, the parties filed briefs supplementing their arguments.

## DISCUSSION

■ The defendants first argue that § 523(d) of the Bankruptcy Code[2] provides for payment of costs and attorney's fees to debtors when a creditor brings an unsuccessful complaint to determine dischargeability, and that this provision applies when a plaintiff-creditor seeks to dismiss a complaint. They say that the legislative history of § 523(d) shows that the section was enacted "to discourage creditors from initiating a proceeding to obtain a false financial statement exception to discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees". *The Report of the Committee on the Judiciary of the United States Senate to Accompany S. 2266,* S.Rep. No. 95–989, 95th Cong. 2nd Sess. (1978), p. 80. U.S.Code

Cong. & Admin.News 1978, pp. 5787, 5866. The defendants emphasize the word "initiating" in this quotation and conclude that a trial is not necessary for the court to award such fees. The Credit Union claims that such attorney's fees are assessable only if a trial is held, a judgment rendered in the debtor's favor, and the court determines it is not inequitable to award such fees. I believe that § 523, based on the language of the section applies only in the event of a "judgment" against a creditor, and, thus, the statute has reference only to cases which are tried to a conclusion. However, as will appear, the legislative history of this section is pertinent to the defendants' argument that they are entitled to the assessment of such attorney's fees under Bankruptcy Rule 741.

■ Bankruptcy Rule 741 in pertinent part provides that "Rule 41 of the Federal Rules of Civil Procedure applies in adversary proceedings . . . ." Federal Rule of Civil Procedure 41(a), in turn, provides:

(a) *VOLUNTARY DISMISSAL: EFFECT THEREOF.*

(1) *By Plaintiff: By Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

2. *Section 523(d).* If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of

the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

By the terms of FRCP 41(a)(1), a plaintiff may voluntarily dismiss an action as of right without a court order only before service by an adverse party of an answer or by stipulation. The posture of the instant proceeding prohibits such a dismissal, the debtors having filed an answer prior to the Credit Union's motion, and not stipulating to a dismissal. The proceeding is governed by FRCP 41(a)(2), requiring a court order for a dismissal, and the court is empowered to make such an order "upon such terms and conditions as [it] deems proper". Cases generally have held that among the terms and conditions a court may impose upon a plaintiff seeking voluntary dismissal under FRCP 41(a)(2) is a requirement that the plaintiff pay expenses of his adversary's preparation for trial and reasonable attorney's fees. *DeFilippis v. Chrysler Sales Corporation,* 116 F.2d 375 (2nd Cir. 1940); *Goldlawr, Inc. v. Shubert,* 6 F.R.Serv.2d 824 (S.D.N.Y.1963); *Nixon Construction Co. v. Frick Co.,* 12 F.R.Serv.2d 981, 45 F.R.D. 387 (S.D.N.Y.1968); *Scandinavian Airline System v. Reactive Metals, Inc.,* 16 F.R.Serv.2d 1058 (E.D.N.Y.1972). These cases support the proposition that FRCP 41(a)(2) grants courts the powers to condition voluntary dismissal so as to prevent defendants from being unfairly affected by such a dismissal.

Voluntary dismissal of a case after issue is joined rests in the discretion of the court, which may impose conditions, including the payment of attorney's fees incurred up to the date of dismissal. The thrust of the rule is primarily to prevent voluntary dismissals which unfairly affect the defendants, and to permit the imposition of curative conditions. (citations omitted). *Scandinavian Airline System, supra,* at 1060.

The main concern of the parties with respect to voluntary dismissal is normally whether or not the dismissal is to be with or without prejudice. Where dismissal without prejudice is sought, the plaintiff clearly intends to preserve his capability to initiate a new action, and the defendant will generally be granted his costs and attorney's fees in the dismissed action.

After answer is served and the defendant has incurred considerable expense in preparing for trial, dismissal without prejudice is a question of equities and is usually not allowed by the court except on condition that plaintiff pay defendant his reasonable costs and attorneys' fees in a stated amount within a fixed time.

5 *Moore's Federal Practice,* ¶ 41.05[1] (1981) 41–55 n.7. But where dismissal is with prejudice a court-ordered award of fees and costs to the defendant depends upon the existence of quite different equitable considerations, since the defendant cannot be subjected to future suit.

[I]t has been held that if dismissal is with prejudice the court lacks power to require an attorney's fees to be paid, unless the case is of a kind in which an attorney's fee might otherwise be ordered after termination on the merits. 9 Wright & Miller, *Federal Practice and Procedure: Civil,* § 2366 at 180.

Because the date in this case for filing complaints, pursuant to § 523(a)(2), has passed, any dismissal will have the effect of being a dismissal with prejudice since the Credit Union will be time barred from bringing a subsequent complaint. But this proceeding is of the kind noted by Wright & Miller, *supra,* in which an attorney's fee might have been ordered if the debtors had prevailed in a trial on the merits, pursuant to § 523(d). Where such an issue has been raised, courts have looked to the legislative

history and/or other policy considerations underlying a statutory provision of attorney's fees to determine whether to award such fees upon voluntary dismissal. *Larchmont Engineering, Inc. v. Toggenburg Ski Center, Inc.*, 444 F.2d 490 (2nd Cir. 1971); *Barriner v. Stedman*, 504 F.Supp. 52 (W.D.Okla.1980). This court reviewed the legislative history and policy considerations underlying § 523(d) in *In the Matter of Majewski*, 7 B.R. 904, 7 B.C.D. 112, CCH Bkr.L.Rep. ¶ 67,753, (Bkrtcy.D.Conn.1981), and concluded that the authorization of attorney's fees in § 523(d) was intended to curb what Congress perceived to be abuse of dischargeability proceedings by creditors bringing unwinnable actions against consumer debtors.[3] Thus, an award of attorney's fees in the proceeding at bar, if otherwise appropriate, will not frustrate Congressional purpose.[4]

The Credit Union in its brief has vigorously argued that to assess it for the defendants' attorney's fees will have the effect of discouraging worthy creditors from bringing dischargeability complaints in a good faith attempt to discover whether they have a "clear and convincing" case against defendants. It further avers that upon the filing of a chapter 7 petition, creditors must make hasty and difficult decisions, often based upon incomplete, incorrect, and insufficient information included in a debtor's petition. These arguments are inapt, given the scope of procedures granted to creditors by the Bankruptcy Code. In determining whether they have a provable action, creditors have ample opportunity to gather information prior to filing a complaint, including attendance at the first meeting of creditors, applications for extension of time to file a complaint (as, for example, the Credit Union did in this proceeding), and examination of the debtor or others as authorized by Bankruptcy Rule 205.

---

**3.** The Credit Union has not claimed that the contested debt is not a consumer debt.

**4.** In *Majewski*, I held that attorney's fees are to be awarded debtors who have successfully de-

 Here, a dismissal will have the effect of granting the defendants a result indistinguishable from a decree on the merits in their favor. Therefore, based on the circumstances of this proceeding and the equities involved therein, I believe that the plaintiff should pay the defendants their reasonable costs and attorney's fees incurred up to the date of the motion filed for dismissal, such as they would have received had the case been decided in their favor at trial, pursuant to § 523(d).

The complaint of New Britain General Hospital Employees Credit Union is accordingly dismissed upon the condition that it pay to the defendants their attorney's fees in connection with the said complaint in the amount of $292.50 within 30 days from date.

fended a complaint to determine a debt to be nondischargeable, even if the court cannot make a finding of bad faith on the part of the complaining creditor.