**In the Matter of Maria POSKANZER.**

**Jordan BERNSTEIN, Plaintiff,**

v.

**Maria POSKANZER, Defendant.**

**Civ. No. 84–1171.**

United States District Court,
D. New Jersey.

June 25, 1984.

Ronald A. Cohen, Weiner, Staubach & Hopmayer, Roselle Park, N.J., for plaintiff.

D. Gayle Loftus, Jersey City, N.J., for defendant.

OPINION

LACEY, District Judge.

Jordan Bernstein, a creditor of Maria Poskanzer, appeals from an order of the Bankruptcy Court dismissing Mr. Bernstein's complaint. The complaint sought a determination of the dischargeability of a debt listed on the debtor's schedule.

The defendant, Maria Poskanzer, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on November 22, 1982. In the petition, plaintiff was listed as an unsecured creditor in the amount of $1,200, together with a potential contingent claim, amount unknown.

March 7, 1983 was fixed as the last day for the filing of a complaint to determine the dischargeability of any debt, pursuant to 11 U.S.C. § 523(c). By formal application of plaintiff's counsel, an order was entered extending the time for filing such a complaint to April 15, 1983. The complaint was thereafter filed on May 9, 1983.

On June 21, 1983, defendant debtor's counsel moved to dismiss the complaint based on its untimely filing. In opposition to the motion to dismiss, plaintiff's counsel urged the court to find that the late filing constituted "excusable neglect" under Bankruptcy Rule 9006(b)(1) which provides that:

> The court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Judge DeVito of the Bankruptcy Court determined that any "misunderstanding" between plaintiff's counsel and his former

co-counsel concerning the extended deadline for filing the complaint was not excusable neglect. The court noted a reservation to adopt the plaintiff's argument in light of the decision by the plaintiff's attorney that an early disposition of a related matter might render this matter moot. Judge DeVito characterized that as plaintiff's attorney's "apparent unfortunate dependence" and concluded that such conduct does not constitute "excusable neglect."

The Bankruptcy Court considered the standards used in defining "excusable neglect" and determined that the unilateral inadvertence or mistake of counsel does not fall within the definition. In addition, Judge DeVito noted that "courts have held that an attorney's negligence in failing to timely file does not constitute excusable neglect." (Citation omitted.) Page 4 of Judge DeVito's Opinion, dated February 7, 1984.

This court having reviewed the record below finds no reason to disturb the findings of the bankruptcy court. Accordingly, it is hereby ordered that the dismissal of the plaintiff's complaint is affirmed.