In the Matter of Maria
POSKANZER, Debtor.

Jordan BERNSTEIN, Plaintiff,

v.

Maria POSKANZER, Defendant.

Bankruptcy No. 82–08107.
Adv. No. 83–0447.

United States Bankruptcy Court,
D. New Jersey.

Nov. 27, 1985.

Weiner, Staubach & Hopmayer by Ronald A. Cohen, Roselle Park, N.J., for plaintiff.

D. Gayle Loftis, Jersey City, N.J., for defendant and debtor.

## OPINION

D. JOSEPH DeVITO, Judge.

The above debtor's counsel moves for payment of attorney's fees pursuant to § 523[d] of the Bankruptcy Code. Specifically, the debtor's attorney demands that the plaintiff be ordered to pay to her the sum of $1,725.00 for services performed in defending the debtor. For the reasons stated below, the Court grants the motion in the amount requested.

The record of these proceedings reveals that the debtor filed her petition in bankruptcy on November 22, 1982. On May 9, 1983, one Jordan Bernstein commenced an adversary proceeding against the debtor, docketed as adversary No. 83–0447. Pertinent here are Counts VII and VIII of the aforementioned complaint, which state:

### VII

The defendant, Poskanzer, caused to be prepared a Financial Statement grossly overstating her assets and wilfully and fraudulently induced plaintiff to invest large sums of money in Positive Directions, Inc., in reliance on said financial statement. By means of said Financial Statement and other wilful misrepresentations, plaintiff was also induced to loan large sums of money and perform services for the defendant which sums have not been repaid.

### VIII

At the time defendant, Poskanzer, published said Financial Statement, she knew the same to be false and misleading, and she published and caused same to be delivered to plaintiff with intent to deceive plaintiff.

Complaint at 3, *Bernstein v. Poskanzer (In re Poskanzer)*, Adv. No. 83–0447 (Bankr.D. N.J. May 9, 1983). While not specified in the allegations, said complaint clearly made out a case under § 523[a][2][B] of the Code, which acts to prevent the discharge of a debt for money, property, services or credit obtained by use of a false financial statement. 11 U.S.C. § 523[a][2][B].

Subsequently, a motion was made by the debtor to dismiss the complaint. In an opinion finding the plaintiff's filing of the complaint to be untimely, this Court granted the motion and dismissed the complaint. *Bernstein v. Poskanzer (In re Poskanzer)*, Adv. No. 83–0447, slip op. at 5 (Bankr.D. N.J. Feb. 7, 1984). The Court's decision was subsequently affirmed by the Honorable Frederick B. Lacey of the District Court for the District of New Jersey on June 25, 1984, 56 B.R. 207.

11 U.S.C. § 523[d] provides:

[d] If a creditor requests a determination of dischargeability of a consumer debt under subsection [a][2] of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The aforecited section of the Code was promulgated to discourage creditors from initiating false financial statement exception to discharge actions in the hope of obtaining a settlement from an honest debtor, anxious to save attorney's fees. H.R.Rep. No. 595, 95th Cong., 1st Sess. 365, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963 and 6320. The court

must grant the debtor a reasonable attorney's fee unless such a grant would be clearly inequitable. 124 Cong.Rec. H11,096 (Sept. 28, 1978); S17,413 (Oct. 6, 1978), *reprinted in Bankruptcy Code, Rules and Forms* § 523 at 145–46 (West 1984).

A leading case in interpreting § 523[d] is *First Service Corp. v. Schlickmann (In re Schlickmann),* 7 B.R. 139 (Bankr.D.Mass. 1980). In that case, a creditor commenced an exception to discharge action pursuant to § 523[a][2]. Finding that the creditor failed to meet its burden of proof, the debtor's discharge was granted. *Id.* at 139. A demand was made for attorney's fees under § 523[d].

In deciding the case, Bankruptcy Judge Glennon noted that the matter was one of first impression in the First Circuit. *Id.* at 140. Examining the language of the subsection and its legislative history, that court found the statute itself to be "unequivocal", *id.,* and, further, that "[s]ection 523[d] does not provide for judicial discretion in this matter. It is a strong directive, with an exception in case only of *clear inequity." Id.* at 141 (emphasis in the original). The court further found that, although "the plaintiff's complaint was neither frivolous nor filed in bad faith, those facts alone would not bring it within the exception of § 523[d]. Congress seems to have clearly mandated that costs and attorney's fees shall be awarded in all but the rarest cases of clear inequity." *Id.* On that basis, the debtor's fee request was granted. *Id.*

■ This Court is in full agreement with the conclusions made by Bankruptcy Judge Glennon in *Schlickmann.* Section 523[d] is wholly unambiguous in both its wording and in its intent. The awarding of attorney's fees against an unsuccessful creditor is mandatory in these situations, absent a compelling showing otherwise. The Court is of the opinion that the creditor's position in this matter was not substantially justified. This is illustrated by the creditor's abject failure to timely file its complaint, notwithstanding the granting of extensions of time by this Court. Nor has

the creditor shown special circumstances which would indicate that an awarding of attorney's fees would be unjust. The Court notes that the unsuccessful creditor has the burden of proving that the imposition of attorney's fees would be clearly inequitable. *Associates Financial Services, etc. v. Lane (In re Lane),* 12 B.R. 455, 457 (Bankr.N.D.Ohio 1981). Failing to meet that burden, the creditor herein has no defense.

■ To be sure, the Court is aware that counsel seeks fees for acting in an adversary proceeding which was ultimately dismissed. That aspect poses no difficulty, as such a circumstance has already been addressed in *New Britain General Hospital Employees Credit Union v. Begley (In re Begley),* 12 B.R. 839 (Bankr.D.Conn.1981). There, Bankruptcy Judge Krechevsky was faced with a § 523[d] demand for attorney's fees arising from a case where the creditor sought a voluntary dismissal. The court opined:

Here, a dismissal will have the effect of granting the defendants a result indistinguishable from a decree on the merits in their favor. Therefore, based on the circumstances of this proceeding and the equities involved therein, I believe that the plaintiff should pay the defendants their reasonable costs and attorney's fees incurred up to the date of the motion filed for dismissal, such as they would have received had the case been decided in their favor at trial, pursuant to § 523[d].

*Id.* at 843. Relying upon *Begley,* this Court likewise rules that this debtor is entitled to attorney's fees under § 523[d], irrespective of the fact of the dismissal of the underlying adversary proceeding.

■ The final issue before the Court is the amount of fees to be awarded. Counsel has supplied an Affidavit of Services requesting an amount totaling $1,725.00. Determination of the amount of the fee to be awarded under § 523[d] is within the authority of the bankruptcy judge. *Schlickmann, supra* at 141. The court will consider a request where a proper ap-

plication is submitted, with an itemized statement of services rendered. *Flynn v. Geremia (In re Cappelli)*, 6 B.R. 303, 305 (Bankr.D.R.I.1980) (Votolato, B.J.). Counsel for the debtor has complied. Finding the application itself in conformity with Bankruptcy Rule 2016 and Local Rule of Bankruptcy Practice 9, and the amount requested to be reasonable, the Court grants the motion in the amount demanded.

Submit an order in accordance with the above.