**In re S.A. MORRIS PAVING CO., INC., Debtor.**

**Bankruptcy No. 5–86–00236.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Oct. 31, 1988.

---

Norvell A. Lapsley, Harrisonburg, Va., for Monger Coal & Oil Co., Inc.

William E. Shmidheiser, III, Harrisonburg, Va., for A.P. Propane, Inc.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision involves a objection by A.P. Propane, Inc., to the allowance of an unsecured claim filed by Monger Coal & Oil Co., Inc. A.P. Propane, Inc. (herein A.P. Propane) contends that Monger Coal & Oil, Co., Inc. (herein Monger) did not file a timely proof of claim pursuant to Bankruptcy Rule 3002(c)(3). Monger, on the other hand, requests this Court to grant it an enlargement of time under Bankruptcy Rule 9006(b)(1) on the ground that its failure to submit a timely proof of claim was the result of "excusable neglect." The issue to be decided is whether "excusable neglect" is grounds for enlargement of time under Bankruptcy Rule 3002(c). The issue has been briefed by all parties and they have been heard in oral argument. The following constitutes the Court's findings of fact and rulings of law.

### Facts

A.P. Propane and Monger are creditors in the involuntary Chapter 7 proceeding of S.A. Morris Paving Co., Inc. (herein Morris). A.P. Propane initiated an involuntary petition in bankruptcy against the debtor on May 28, 1986. The schedules and statement of affairs which were filed in the proceeding show that Monger had a judgment docketed against Morris in Rockingham County Circuit Court on June 3, 1985. This judgment, in the amount of $42,529.93, was satisfied by Monger on March 14, 1986. Based upon this information, the trustee in bankruptcy filed a complaint on October 6, 1986, seeking to set aside the satisfaction of the judgment as a voidable preference under 11 U.S.C. § 547(b). At the outset of the adversary proceeding, Monger was represented by its regular counsel, Norvel A. Lapsley, Esquire (herein Lapsley), who filed an answer on Monger's behalf. Thereafter, Monger retained special counsel, Cabell F. Cobbs, Esquire (herein Cobbs), to complete defense of the preference action. Prior to trial of the adversary proceeding, the parties compromised the preference litigation and after notice and hearing an order was entered on May 6, 1987, permitting the compromise of the trustee's claim against Monger for the sum of $36,000.00. This order became final on May 14, 1987, and the trustee was paid the compromised sum by Monger. Upon completion of the litigation and payment of the sum owed, no further action was taken by Monger in the bankruptcy proceeding with respect to any claim it might assert until August 1987 when Lapsley filed a proof of claim for the $36,000.00 sum. A.P. Propane filed an objection to the allowance of the claim on the ground that Bankruptcy Rule 3002(c)(3) requires that an

unsecured claim arising from an avoided preference must be filed within thirty days after the judgment avoiding the preference becomes final. It is not disputed by any of the parties to the litigation that the filing date for the proof of claim, August 17, 1987, was well passed the thirty days after the judgment order of this Court granting the preference recovery became final.

### Law

■ Bankruptcy Rule 3002(c)(3) states as follows:

> (3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court·may permit, the claim shall not be allowed.

Based upon Bankruptcy Rule 3002(c)(3), it is clear that Monger had thirty days · after the judgment order entitling the trustee to recovery of the preference became final to file its proof of claim. Monger relies on Bankruptcy Rule 9006(b)(1) which authorizes the enlargement of time with respect to acts required under the Bankruptcy Rules. Under the Rule, excusable neglect is a basis for granting a motion for enlargement of time "after the expiration of the specified period" for filing. Monger's claim of excusable neglect is that there was confusion between Lapsley and Cobbs as to the responsibilities, if any existed, for filing a proof of claim. Lapsley also argues, on Monger's behalf, that he was uncertain as to whether a proof of claim was even necessary. However, this Court need not reach the issue of whether there is a basis for excusable neglect which would justify an enlargement of time under the Rules. Under Bankruptcy Rule 9006(b)(1), the Court's authority to extend the time requirement for filing a proof of claim is eliminated by Bankruptcy Rule 9006(b)(3) which states as follows:

"The court may enlarge the time for taking action under Rules ... 3002(c) ... only to the extent and under the conditions stated in those rules." Bankruptcy Rule 3002(c) sets forth six situations in which the time requirement for filing proofs of claim can be extended beyond ninety days after the first date set for the section 341 meeting of creditors. One of the six situations is Bankruptcy Rule 3002(c)(3). That Bankruptcy Rule does not mention excusable neglect as a basis for enlargement of time. Further, Monger does not fit into any of the other five situations set forth by Bankruptcy Rule 3002(c).

A number of courts have held that Bankruptcy Rule 3002(c) is peremptory and that a bankruptcy court lacks any equitable power to enlarge the time for filing a proof of claim unless one of the six situations in Rule 3002(c) exists. *See In re Chirillo*, 84 B.R. 120 (Bankr.N.D.Ill.1988). Based upon the foregoing, this Court holds that Bankruptcy Rule 9006(b)(1) is not available to Monger to give it the relief it requests.

■ Even if excusable neglect was a basis for enlargement of time, this Court finds that the reasons cited by Monger to justify excusable neglect, i.e. a misunderstanding as to who would file a proof of claim or the necessity for a proof of claim, do not constitute the type of excusable neglect which would justify an enlargement of time. *See In re Poskanzer*, 56 B.R. 207, 208 (Bankr.D.N.J.1984) (misunderstanding between plaintiff's counsel and former co-counsel concerning extended deadline for filing complaint was not excusable neglect.) Further, an attorney cannot claim ignorance of the Bankruptcy Rules. *See In re Stern*, 70 B.R. 472, 475 n. 7 (Bankr.E.D.Pa.1987) (attorney's erroneous understanding that filing of proof of claim was unnecessary in Chapter 13 case did not constitute excusable neglect.)

Courts have routinely defined excusable neglect as "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Hanson v. First Nat'l Bk. of South Dakota, N.A.*, 828

F.2d 1310, 1314 (8th Cir.1987). Monger's reasons to justify excusable neglect do not meet the foregoing definition.

An appropriate order will enter denying the request of Monger for an enlargement of time and granting the objection of A.P. Propane to the Monger claim, which claim shall be disallowed as having been filed late.