**MELO–TONE VENDING, INC.,**
Plaintiff, Appellant,

v.

**UNITED STATES of America,**
Defendant, Appellee.

No. 81–1280.

United States Court of Appeals,
First Circuit.

Argued Sept. 18, 1981.

Decided Dec. 4, 1981.

Ira H. Zaleznik, Boston, Mass., with whom Lappin, Rosen, Goldberg, Slavet, Levenson & Wekstein, Boston, Mass., was on brief, for plaintiff, appellant.

Charles K. Mone, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before BOWNES and BREYER, Circuit Judges, MURRAY,[*] Senior District Judge.

FRANK J. MURRAY, Senior District Judge.

Plaintiff appeals from the district court's dismissal of its complaint. The action was brought to recover $5854.88 (and interest thereon) for the value of property allegedly taken from plaintiff by the United States without payment of just compensation. Jurisdiction of the district court is asserted under 28 U.S.C. § 1346(a)(2) (United States as defendant).[1]

The complaint, in substance, alleges that plaintiff made a loan of $5,000 to one Peter

---

[*] Of the District of Massachusetts, sitting by designation.

1. In pertinent part, 28 U.S.C. § 1346(a)(2) provides:

   (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

   \*      \*      \*      \*      \*      \*

   (2) [a]ny ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort,....

Aver on Aver's promissory note, dated March 12, 1978, to repay the loan in monthly installments; that subsequently Aver, apparently claiming to have been involved in bribery transactions, agreed to furnish evidence of criminal activity of other persons to the United States Department of Justice, which, in exchange for such evidence, enrolled Aver in the "witness protection program" [2] to provide security to Aver as a needed witness; that the Department of Justice has sought to conceal Aver's identity and whereabouts by assigning him a new name and means of identification and locating him in a new home and job; that Aver's whereabouts are unknown to plaintiff and others and "are purposefully kept unknown through the Witness Protection Program"; that by such means of concealment the United States has deprived plaintiff of its right to enforce repayment of the loan under the terms of Aver's note; that defendant "has neither condemned" plaintiff's property right "nor has it paid just compensation" to plaintiff; that defendant has deprived plaintiff "of property without due process of law, . . . in violation of the Fifth Amendment of the Constitution of the United States".

Defendant moved to dismiss the complaint for lack of jurisdiction over the subject matter, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, Rule 12(b)(6). The district court granted the motion to dismiss for lack of subject matter jurisdiction. Plaintiff contends the district court erred in finding jurisdiction lacking, and argues that the complaint states a sufficient claim for relief. Our task because of the present posture of the case is necessarily limited to determining whether upon the complaint, which should be construed most favorably to the pleader, the plaintiff is entitled to have the claim judicially resolved.

■ Jurisdiction is conferred by 28 U.S.C. § 1346(a)(2) on the district court over an action brought for just compensation when property is taken by eminent domain. *United States v. Dow*, 357 U.S. 17, 21, 78 S.Ct. 1039, 1044, 2 L.Ed.2d 1109 (1958); *United States v. Dickinson*, 331 U.S. 745, 748, 67 S.Ct. 1382, 1384, 91 L.Ed. 1789 (1947); *Hurley v. Kincaid*, 285 U.S. 95, 104, 52 S.Ct. 267, 269, 76 L.Ed. 637 (1932). If the claim alleged in a complaint is wholly frivolous or insubstantial, it may, of course, be dismissed for lack of jurisdiction. For present purposes, however, where the defendant has moved for dismissal of the complaint on the additional ground of failure to state a claim upon which relief can be granted, "we follow . . . the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980); *Harper v. Cserr*, 544 F.2d 1121, 1122 (1st Cir. 1976); *Walgren v. Howes*, 482 F.2d 95, 99 (1st Cir. 1973); *Bal-*

---

2. Title V of the Organized Crime Control Act of 1970 in pertinent part provides:

   Sec. 501. The Attorney General of the United States is authorized to provide for the security of Government witnesses, potential Government witnesses, and the families of Government witnesses and potential witnesses in legal proceedings against any person alleged to have participated in an organized criminal activity.

   Sec. 502. The Attorney General of the United States is authorized to rent, purchase, modify, or remodel protected housing facilities and to otherwise offer to provide for the health, safety, and welfare of witnesses and persons intended to be called as Government witnesses, and the families of witnesses and persons intended to be called as Government witnesses in legal proceedings instituted against any person alleged to have participated in an organized criminal activity whenever, in his judgment, testimony from, or a willingness to testify by, such a witness would place his life or person, or the life or person of a member of his family or household, in jeopardy. Any person availing himself of an offer by the Attorney General to use such facilities may continue to use such facilities for as long as the Attorney General determines the jeopardy to his life or person continues.

   Pub.L.No. 91–452, 84 Stat. 922, *reprinted in* [1970] U.S.Code Cong. & Ad.News 1086–87.

lou v. General Electric Co., 393 F.2d 398, 399 (1st Cir. 1968), cert. denied, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971). Ordinarily the determination of whether the harmful consequences of governmental action require just compensation depends upon the peculiar facts and circumstances of each case. United States v. Eureka Mining Co., 357 U.S. 155, 168, 78 S.Ct. 1097, 1104, 2 L.Ed.2d 1228, rehearing denied, 358 U.S. 858, 79 S.Ct. 9, 3 L.Ed.2d 91 (1958); United States v. Caltex, Inc., 344 U.S. 149, 156, 73 S.Ct. 200, 203, 97 L.Ed. 157 (1952); United States v. Commodities Trading Corp., 339 U.S. 121, 123, 70 S.Ct. 547, 549, 94 L.Ed. 707 (1950). Accordingly, we proceed to analyze the complaint and the arguments of the plaintiff offered in support of its contention that the complaint states a claim upon which relief may be granted.

The property of which plaintiff is allegedly deprived by defendant is its "right to collect and enforce repayment of its loan under the terms of the promissory note". (Complaint para. 8). Neither from the complaint as a whole nor from plaintiff's arguments do we reach the conclusion that defendant made a taking, or actually deprived plaintiff, of the note itself. According to plaintiff's brief, the note remains in plaintiff's possession and under its control. (Brief for Plaintiff at 17). That fact is consistent with the allegation that there has been no condemnation of plaintiff's property (Complaint para. 9), and with the absence of any allegation or claim that defendant has appropriated plaintiff's rights as payee or holder of the note. Moreover, no claim is made that the statutory witness protection program or any regulation has temporarily or permanently denied plaintiff access to the courts to seek "to collect and enforce repayment of its loan under the terms of the promissory note". The gravamen of the complaint is that because Aver's whereabouts are unknown, due to the witness protection program, plaintiff cannot find Aver and is thereby delayed and frustrated in its attempt to collect the debt owed by Aver.

No contention is made that Aver's enrollment in the witness protection program was not pursuant to lawful governmental action. It is neither alleged nor argued that the exercise of governmental power in implementing the witness protection program in this instance was with the intent and purpose of extinguishing Aver's debt to plaintiff. It is argued, however, that the program constitutes a "direct and foreseeable interference" with plaintiff's property right "to the use and for the benefit of the United States". We are not persuaded by this argument, first, because, as plaintiff concedes, the defendant has not condemned plaintiff's property right in Aver's debt, and, secondly, the governmental action here was not directed at or toward the plaintiff's property right, and any interference with that right, the evidence of which plaintiff still retains, is at most an indirect consequence of the exercise of lawful governmental power. Omnia Commercial Co. v. United States, 261 U.S. 502, 510, 43 S.Ct. 437, 438, 67 L.Ed. 773 (1923); Legal Tender Cases, 12 Wall. 457, 551, 79 U.S. 457, 551, 20 L.Ed. 287 (1870).

Not every governmental act which interferes with, impairs, or ultimately destroys property rights constitutes a taking of property for which compensation is due under the fifth amendment. Penn Central Transp. Co. v. New York City, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978); Omnia Commercial Co. v. United States, supra, 261 U.S. at 508–10, 43 S.Ct. at 437–38. In this instance, all that defendant has done is to exercise power to provide for the security of Aver under the congressionally authorized witness protection program "for as long as the Attorney General determines [that] jeopardy to his life or person continues". See note 2, supra at 688. It is clear from the nature, purposes and objectives of that program that the authorized governmental power is not the power of eminent domain. We recognize it is not unlikely that the consequential effect of governmental action in carrying out the program may be to delay, or make inconvenient or difficult, plaintiff's enforcement of Aver's financial obligations while he continues in the program. However, the inter-

ference here with plaintiff's right to collect and enforce payment of the note cannot be characterized as a taking of its property.

Neither do the provisions of 28 U.S.C. § 1346(a)(2) create any enforceable right against the United States for money damages for loss of, or injury to, property resulting from lawful governmental actions under the witness protection program; the statute itself is only a jurisdictional statute. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980). We have not been referred to any federal statute which can be fairly interpreted as mandating compensation by the Federal Government for injury or loss resulting from the lawful administration of the program. "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity . . .", *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976), and waiver of immunity must be "unequivocally expressed", *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969). We conclude that plaintiff can prove no combination of facts in support of its complaint which would entitle it to relief, and that the complaint was properly dismissed in the district court.

AFFIRMED.