**James LYONS**

v.

**Ronald POWELL, et al.**

**No. C–86–355–L.**

United States District Court,
D. New Hampshire.

Dec. 28, 1989.

Wadleigh, Starr, Peters, Dunn & Chiesa by Robert Murphy, Manchester, N.H., for plaintiff.

Office of the Atty. Gen. by Emily Gray Rice, Concord, N.H., and U.S. Atty's Office by Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., for defendants.

## ORDER ON FEDERAL DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

LOUGHLIN, District Judge.

This case commenced with a pro se complaint filed on July 31, 1986.

At the time the plaintiff was a pre-trial detainee at the New Hampshire State Prison (NHSP). He was at the NHSP from July 1, 1986 until August 25, 1986. He was later transferred to Lewisburg Federal Penitentiary in Pennsylvania.

The plaintiff was confined at NHSP pending his confinement in a Federal Penitentiary, as the Adult Correctional Institute in Rhode Island "evicted" all federal detainees on July 1, 1985. He was awaiting trial on federal criminal charges in Rhode Island.

Plaintiff had a myriad of complaints while incarcerated at the NHSP.

This case has already wended its way to the First Circuit Court of Appeals, reported as *Lyons v. Powell,* 838 F.2d 28 (1st Cir. 1988) after this court's dismissal for failure to state a cause of action and its denial of Lyon's motion for appointment of counsel.

Quoting from the decision at page 29:

The appellant's complaints alleged civil rights violations under 42 U.S.C. § 1983, stemming from certain aspects of his

confinement as a federal pretrial detainee at New Hampshire State Prison (NHSP). The district court found that these alleged violations fell into two categories: (1) cruel and unusual punishment arising from the conditions of appellant's confinement; and (2) inadequate access to the courts.

The district court measured appellant's complaints regarding the conditions of his pretrial confinement against the "cruel and unusual punishment" standard of the Eighth Amendment. This is an incorrect standard by which to evaluate the confinement of a *pretrial* detainee. In *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), the Supreme Court held that:

> the state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the state seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

The Appeals Court was troubled by the allegations in plaintiff's complaint that he was confined to a cell for 27 days with another inmate, during which time he was forced to sleep on a mattress on the floor.

In remanding the case to this court, the appellate court reserved judgment on the propriety of the denial of appointment of counsel in the district court.

This court after re-examination of *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir.1986) believed that Lyons had, in light of the appellate decision, demonstrated exceptional circumstances. Services of a pro bono attorney were procured.

■ On September 12, 1988 plaintiff's more definite statement and amended complaint were filed. This is a sixteen page document comprehensive in size and breadth which for the first time joins the following as federal defendants:

Edwin Meese, individually and in his capacity as Attorney General of the United States; Norman Carlson, individually and in his capacity as Director of the Bureau of Prisons; Lincoln Almond, individually and in his capacity as Attorney General for the District of Rhode Island; Donald Wyatt, individually and in his capacity as United States Marshall for the District of Rhode Island, Michael Sokolow, individually and in his capacity as Unit Manager of the Special Housing Unit at the New Hampshire State Prison; John Does, individually and in their capacity as employees at the New Hampshire State Prison.

This is the genesis of the present motion. The federal defendants have moved to dismiss on the following grounds:

The plaintiff has failed to state a claim upon which relief can be granted. The court lacks jurisdiction over said defendants in that they have not been personally served in accordance with Fed.R. Civ.P. 4(d)(5).

The plaintiff is seeking declaratory relief against the federal defendants. He alleges violation of his Sixth Amendment right to counsel deprivation of liberty interests without due process when he was transferred and limitations of various rights while immured at the NHSP.

The gist of the action against the federal defendants is that they had responsibility for plaintiff's pretrial detention and the selection of the NHSP for his detention.

As stated in plaintiff's brief, the First Circuit set forth the law in this jurisdiction in *Miranda v. Munoz*, 770 F.2d 255 (1st Cir.1985).

Because there is no *respondeat superior* liability under § 1983, *Pinto v. Nettleship*, 737 F.2d 130, 132 (1st Cir.1984); *Layne v. Vinzant*, 657 F.2d [468] at 471 [1st Cir.1981]; *Kostka v. Hogg*, 560 F.2d 37, 40 (1st Cir.1977), supervisory officials may be found liable only on the basis of their own acts or omissions. Supervisors need not have actual knowledge of the specific incident at issue, however, if they had the power and duty to alleviate the conditions which led to the violation, *Pinto v. Nettleship*, 737 F.2d at 132–33; *Fernandez v. Chardon*, 681 F.2d 42, 55

(1st Cir.1982). We agree with the description of supervisory liability given by the Fourth Circuit in *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir.1984):

> "The outer limits of liability in any given case are determined ultimately by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked."

The chain of events which resulted in the plaintiff's incarceration at the NHSP culminated as a result of the defendants making the selection. The court realizes the exigencies of the situation on July 1, 1986, but the defendants had a duty to check on institutions where federal pre-trial detainees were lodged. They are also responsible for their omissions in a supervisory capacity. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) is not apposite to the facts of this case.

### Defendants' Claim of Qualified Immunity

■ Government officials are entitled to some form of immunity from suits for damages. As recognized at common law, public officers require the protection to shield them from undue interference with their duties and from potentially disabling threats of liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982).

The court went on to state:

> We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Procunier v. Navarette*, 434 U.S. 555, 565, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978); *Wood v. Strickland*, 420 U.S. [308] at 322 [95 S.Ct. 992, 1000–01, 43 L.Ed.2d 214 (1975)].

*Id.* at 818, 102 S.Ct. at 2738.

The First Circuit in this case noted that there may also be some merit to plaintiff's claim that his constitutional rights were violated by his confinement to his cell for 22–23 hours per day during a 27–day period.

It would not be equitable for these federal defendants to slough off on the state defendants their obligations under the guise of qualified immunity where actually none is extant anyway.

Defendants are entitled to a qualified immunity from damages under Section 1983. *Prounier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). They are liable for damages only if they knew or should have known that their actions would violate plaintiff's constitutional rights. *Id.* at 562, 98 S.Ct. at 860.

The claim of qualified immunity is denied.

It is also the contention of the defendants that they have not been personally served in accordance with Fed.R.Civ.P. 4(d)(5), which provides:

> (d) **Summons and Complaint: Person to be Served.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule.

Perhaps counsel is not aware that the plaintiff is indigent, that this court originally refused his request for counsel, reconsidered it after a partially successful appeal and with some effort was able to procure very capable pro bono counsel.

If federal counsel is strictly going to go by the book, this court will dismiss this action, but will allow it to be reinstated, cost of service to be made at the expense of the government, and further prolong this 3½ year old case. It is probably nugatory to remind the Senior Assistant to the Rhode Island United States Attorney of the following. This district received this con-

voluted, lengthy case after it emanated from Rhode Island. This court requests the courtesy of a reply on this issue of whether or not the federal defendants waive the issue of service of process on or before January 8, 1990.

In ruling on a motion to dismiss, the material facts alleged in the complaint are construed in the light most favorable to the non-moving party, and taken as true, with dismissal ordered only if the non-moving party is not entitled to relief under any set of facts it could prove. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987); *Melo–Tone Vending, Inc. v. United States,* 666 F.2d 687, 688 (1st Cir.1981). The issue is not whether the non-moving party will ultimately prevail, but is whether the non-moving party is entitled to offer evidence to support its claims. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686.

The motion to dismiss is denied as is the motion for summary judgment. The alternative grounds for dismissal have already been alluded to in this order.