**Clanford Leon PIERCE, Plaintiff,**

v.

**Marvin T. RUNYON, Jr., Postmaster General and Stanley Sambor, Thomas Rosati and John J. Lucas, Jr., Jointly and Individually, Defendants.**

**Civ. A. No. 93–30135–MAP.**

United States District Court,
D. Massachusetts.

July 7, 1994.

---

Clanford Leon Pierce, pro se.

Karen L. Goodwin, Asst. U.S. Atty., Springfield, MA, for defendants.

*MEMORANDUM REGARDING DEFENDANTS' MOTION TO DISMISS*

(Docket No. 10)

PONSOR, District Judge.

## I. INTRODUCTION

Plaintiff, Clanford Leon Pierce ("plaintiff" or "Pierce") has filed this *pro se* complaint against his employer, the United States Postal Service and three of his supervisors, Stanley Sambor, Thomas Rosati and John Lucas, whom he worked with at the Bulk Mail Center in Springfield, Massachusetts, alleging employment discrimination based on his race. Plaintiff's complaint alleges, in essence, that he was unfairly targeted for several disciplinary actions because of his race.

Defendants have moved to dismiss Counts I, VI, and VII of the complaint, as well as all claims against the individual defendants. First, defendants argue that plaintiff's Title VII claims against the individual defendants must be dismissed because the Postmaster General is the only proper defendant in a Title VII claim. Second, defendants maintain that the constitutional and § 1985(3) claims must be dismissed because plaintiff's exclusive remedy for employment discrimination based on race is Title VII. Third, defendants contend that Count I of plaintiff's complaint should be dismissed because plaintiff has failed to timely exhaust his administra-

tive remedies. For the reasons set forth below, the court will allow defendants' motion to dismiss, in part.

## II. DISCUSSION

### A. *Motion to Dismiss Standard*

■ For the purposes of ruling on the defendants' motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and take all allegations as true. *Pujol v. Shearson/American Express, Inc.,* 829 F.2d 1201, 1202 (1st Cir. 1987). The issue is not whether the plaintiff will ultimately prevail at trial. Rather, the appropriate inquiry is whether the plaintiff is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ In assessing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court is required to look only to the allegations of the complaint, and "if under any theory they are sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied." *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987) (citing *Melo-Tone Vending Inc. v. United States,* 666 F.2d 687, 688 (1st Cir.1981)).

The court will address defendants' motion to dismiss with this standard in mind.

### B. *Claims of Title VII Violations Against Individual Defendants*

■ In Counts I–V and Count VII, plaintiff asserts a cause of action under Title VII against his supervisors at the Post Office, Stanley Sambor, Thomas Rosati, and John Lucas. Since the only proper defendant in a Title VII action is the head of the agency, here Marvin Runyon, Jr., who is the current Postmaster General, the individual defendants must be dismissed. *See* 42 U.S.C. § 2000e–16(c). Plaintiff's Title VII claims will proceed solely against the Postmaster General. *See Soto v. U.S. Postal Service,* 905 F.2d 537, 539 (1st Cir.1990); *Rys v. U.S. Postal Service,* 886 F.2d 443, 445 (1st Cir. 1989).

### C. *Count I—Violation of Title VII*

■ Count I of plaintiff's complaint alleges that the defendant violated Title VII by issuing him a letter of discipline dated December 10, 1991. On this date, Lucas, the Manager of the Maintenance Control department of the Post Office, sent plaintiff a letter of discipline for poor attendance, failure to report to work as scheduled and failure to complete his scheduled tour of duty. Plaintiff alleges that white postal employees who were assigned to the same division engaged in the same conduct yet were not disciplined.

Defendants have moved to dismiss Count I of the complaint for failure to exhaust his administrative remedies. Under the applicable law, a federal employee alleging racial discrimination under Title VII must file a complaint with the EEO counselor within 30 days of the date of the alleged discriminatory event or the date when the aggrieved person knew or reasonably should have known of the discriminatory event. 29 C.F.R. 1613.-214(a)(1)(i); *Dodds v. Derwinski,* No. 89–C–8179, 1991 WL 202656, 1991 U.S. Dist. LEXIS 13608 (E.D.Ill. September 27, 1991). In his complaint, plaintiff admits filing a complaint with the EEO counselor on October 14, 1992, some ten months after the alleged discriminatory acts. Defendant argues that based on plaintiff's ten-month delay in filing with the EEO, Count I should be dismissed for failure to timely exhaust plaintiff's administrative remedies.

Pursuant to 29 C.F.R. § 1613.214(a)(4), the time limit for filing with the EEO can be extended if the federal employee can show that he or she was not notified or otherwise aware of the 30–day filing requirement, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits, or for other reasons considered sufficient by the agency. The defendant notes that plaintiff has not alleged any reason why his failure to exhaust his administrative remedies in a timely fashion should be excused.

While this may be true, the court is mindful that plaintiff is filing this complaint in a *pro se* capacity. *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by attorneys." *Haines v.*

*Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). In Count I, plaintiff has set forth specific facts detailing his claim of race discrimination under Title VII. Whether plaintiff's ten-month delay in filing with the EEO was excusable can be properly pursued through the discovery process.

Given the lenient standard, it cannot be said that under any theory plaintiff's facts are insufficient to state a Title VII claim. Therefore the court will deny defendants' motion to dismiss Count I. Defendants may resurrect this issue at a later date by way of a motion for summary judgment if discovery proves that plaintiff's delay in filing with the EEO was inexcusable.

**D.** *Count VI—Violation of 42 U.S.C. § 1985(3).*

 In Count VI of plaintiff's complaint, plaintiff alleges that defendants Rosati, Sambor and Lucas violated 42 U.S.C. § 1985(3) by making unfounded disciplinary charges in an attempt to get him fired. Plaintiff alleges that his supervisors' actions were motivated by racial animus.

In *Great American Federal Sav. & Loan Association v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), the Supreme Court held that Section 1985(3) cannot be invoked to redress violations of Title VII. In making this ruling, the Court reasoned that

> Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates. The primary question in the present case, therefore, is whether a person injured by a conspiracy to violate [Title VII] is deprived of "the equal protection of the laws, or of equal privileges and immunities under the laws" within the meaning of § 1985(3).

*Id.* at 372, 99 S.Ct. at 2349. The Court also noted that if a violation of Title VII could be pursued through § 1985(3), a plaintiff could avoid most, if not all, of the elaborate judicial and administrative process "which plays such a crucial role in the scheme established by Congress in Title VII." *Id.* at 376, 99 S.Ct. at 2351. *See also Egger v. Local 276, Plumbers & Pipefitters Union,* 644 F.Supp. 795, 804 (D.Mass.1986).

Here, a reading of the complaint reveals that the facts that form the basis of plaintiff's § 1985 claim are identical to his Title VII claim. Plaintiff cannot assert a cause of action under § 1985(3) to redress violations of Title VII. The court will dismiss Count VI of plaintiff's complaint.

**E.** *Count VII—Fifth Amendment Claims Against the Individual Defendants*

 Count VII alleges that Rosati and Sambor violated plaintiff's Fifth Amendment rights to due process and equal protection by condoning defendant Lucas' discriminatory treatment of plaintiff. While the Court has recognized the viability of constitutional claims against a federal defendant in some circumstances, *see Bivens v. Six Unknown Named Agents of the FBI,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the facts of this case do not support constitutional claims against the individual defendants. The appropriate cause of action for plaintiff's claim of racial discrimination in employment is Title VII, which is the subject of Counts I through V of plaintiff's complaint. Accordingly, the court will dismiss Count VII.

### III. CONCLUSION

For the reasons stated above, the court hereby ALLOWS defendants' motion to dismiss as to Counts VI and VII and all counts against the individual defendants and DENIES the defendants' motion to dismiss as to Count I. A separate order will issue.