In re John A. **RHODES** and Karol J. Rhodes, Debtor(s).

**CHRYSLER FIRST FINANCIAL SERVICES CORPORATION, Plaintiff,**

v.

**John A. RHODES and Karol J. Rhodes, Defendant(s).**

**Bankruptcy No. BK 88–40590. Adv. No. 88–0226.**

United States Bankruptcy Court, S.D. Illinois.

Dec. 1, 1988.

Mark D. Hassakis, Mt. Vernon, Ill., for Chrysler First Financial.

James W. Creason, Salem, Ill., for defendants.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on the motion of John A. Rhodes and Karol J.

---

Rhodes (hereinafter, defendants or debtors), for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] The complaint to which defendants direct their motion alleges that debtors are barred by § 523(a)(2)(A)[2] of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), from discharging a debt owed to plaintiff. According to the complaint, the debtors obtained the sum of $4,113.91 by false pretenses, false representations and actual fraud when they made an oral application for an extension of their loan with plaintiff, and failed to inform plaintiff of approximately $71,000.00 in debts owed to various creditors. Debtors argue that plaintiff is precluded from a determination of nondischargeability under either § 523(a)(2)(A) or § 523(a)(2)(B), respectively, because the alleged false statements concern the debtors' financial condition and because they are oral rather than written. Debtors further argue that they are entitled to judgment in their favor for costs and a reasonable attorney's fee for this proceeding under § 523(d).

For purposes of a motion for judgment on the pleadings under Rule 12(c), the movant must "clearly establish[ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1368, at 690 (1969) (footnote omitted). In considering the motion, "the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.... [A]ll of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Id.* at 690–91 (footnote omitted).

▮ In the instant case, even with debtors conceding the accuracy of all factual allegations in the complaint, plaintiff is precluded as a matter of law from prevailing on its claim for relief. Plaintiff argues that it is proceeding under § 523(a)(2)(A) rather than § 523(a)(2)(B). According to plaintiff, § 523(a)(2)(A) does not foreclose actions to deny discharge for debts arising from false pretenses, misrepresentations or actual fraud relating to a debtor's financial condition. However, this argument is squarely at odds with the plain language of the statute and with caselaw interpreting this section.

Section 523(a)(2) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2), provides in pertinent part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive....

Section 523(a)(2)(A) states unequivocally that it does not apply to statements regarding a debtor's financial condition. False statements about a debtor's financial condition are dealt with separately in § 523(a)(2)(B). There, such statements are subject to the requirements set forth in that section—one of which mandates that the statement be in writing in order to be actionable. Accordingly, it is clear that "[p]aragraphs (A) and (B) of section

---

1. Rule 12(b)-(h) of the Federal Rules of Civil Procedure applies in adversary proceedings pursuant to Bankruptcy Rule 7012(b).

2. Although plaintiff's complaint is brought under 11 U.S.C. § 523, plaintiff argued in open court that the complaint is based on 11 U.S.C. § 523(a)(2)(A).

523(a)(2) are mutually exclusive." 3 *Collier on Bankruptcy* ¶ 523.08, at 523–40 to 523–41 (15th ed. 1988) (footnote omitted).

Plaintiff has not argued, and cannot credibly argue, that the oral statements or nondisclosures attributed to debtors falsely depicting the number of their creditors and the amounts of their debts are not "statement[s] respecting the debtor[s'] ... financial condition." 11 U.S.C. § 523(a)(2)(A). Moreover, plaintiff has provided no authority to support its position that oral statements concerning a debtor's financial condition are not excepted from § 523(a)(2)(A). Presumably, plaintiff would have the Court negate the meaning of §§ 523(a)(2)(A) and (B) by finding oral financial statements to be actionable under paragraph (A) when financial statements—whether oral or written—are expressly governed by paragraph (B).

The courts considering this question have held that all statements concerning a debtor's financial condition—not merely formal financial statements—are excepted from § 523(a)(2)(A) and fall within the province of § 523(a)(2)(B) where, unless they are in written form, they will not bar discharge of the debt. E.g., *Blackwell v. Dabney*, 702 F.2d 490, 491–92 (4th Cir.1983); *Engler v. Van Steinburg*, 744 F.2d 1060, 1060–61 (4th Cir.1984). See also *In re Blackburn*, 68 B.R. 870, 877 (Bankr.N.D.Ind.1987); *In re Howard*, 73 B.R. 694, 702 (Bankr.N.D. Ind.1987). Accordingly, since debtors' statements to plaintiff were oral and concerned debtors' financial condition, they are not encompassed by § 523(a)(2) and may not be relied upon by plaintiff to prevent discharge of the debt at issue. See, e.g., *In re Snyder*, 75 B.R. 130, 134 (Bankr.S.D. Ohio 1987).

Because the Court holds that plaintiff cannot prevail as a matter of law under 11 U.S.C. § 523(a)(2), it must now look to 11 U.S.C. § 523(d) to determine if debtors are entitled to recover their costs and attorney's fee from plaintiff as requested in their Answer and in their Motion for Judgment on the Pleadings. Notably, plaintiff has failed to raise any argument against such an award.

■ Section 523(d) provides:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

This section is clear in both its language and its intent. "The awarding of attorney's fees against an unsuccessful creditor is mandatory ... absent a compelling showing otherwise." *Matter of Poskanzer*, 55 B.R. 329, 331 (Bankr.D.N.J.1985). And, the purpose of § 523(d) is to "discourag[e] creditors from objecting to the dischargeability of consumer debts in marginal cases, or where substantial justification does not exist.... [T]he threat of litigation and the expenses thereof are often enough to coerce a debtor to settle or make payment in a reduced amount where otherwise the debt would ... simply be discharged.... [D]ebtors are frequently unable to afford counsel to defend such cases, and, therefore, it is important that debtors' counsel receive some monetary incentive to do so." *In re Woods*, 69 B.R. 999, 1000 (Bankr.E.D.Pa.1987) (citing 3 *Collier on Bankruptcy* ¶ 523–12, at 523–69 to 523–70 (15th ed. 1986)). Additionally, the burden of proving substantial justification for proceeding with the lawsuit is on the plaintiff. *E.g., In re Woods*, 69 B.R. at 1001. In the event that plaintiff is unable to make such a showing, the sole issue is whether special circumstances exist to make an award of costs and fees unjust. *E.g., Matter of Beam*, 73 B.R. 434, 439 (Bankr.S.D.Ohio 1987).

■ In the instant case, it is clear that neither the legal arguments advanced by plaintiff nor the factual situation presented in plaintiffs' complaint, provide substantial justification for plaintiff's pursuit of this

matter. Section 523(d) "contemplates that no pleading will be filed that does not find support in existing law or, if there is no support in existing law, that the filing will be accompanied by a good faith presentation of arguments for the extension, modification or reversal of existing law." *Matter of Beam*, 73 B.R. at 438. See also *In re Woods*, 69 B.R. at 1001. Here, plaintiff has provided no authority in support of its position that oral statements concerning a debtor's financial condition bar discharge under § 523(a)(2) in the face of well established authority to the contrary. In the absence of a novel legal theory advanced by plaintiff or proof of unclean hands on the part of the debtors, see, *e.g., In re Woods*, 69 B.R. at 1004, the Court finds no special circumstances to warrant denying debtors their costs and attorney's fees.

IT IS ORDERED that the motion of defendants for judgment on the pleadings is GRANTED.

IT IS FURTHER ORDERED that defendants will be awarded their reasonable attorney fees and costs of this action. Counsel for defendants shall submit an application for fees and costs within ten (10) days of the date of entry of this order. The application will be subject to review by the Court.