**In re George E. SANSOUCY, et al., Debtor.**

**BAL–ROSS GROCERS, INC., Plaintiff,**

**v.**

**George E. and Pamela SANSOUCY, Defendant.**

**Bankruptcy No. 91–12270.**
**Adv. No. 91–1163.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 3, 1992.

John A. Rogers, Nighswander, Martin & Mitchell, Laconia, N.H., for defendant/debtor George E. Sansoucy.

Robert H. Rowe, Amherst, N.H., for plaintiff Bal–Ross Grocers, Inc.

Victor Dahar, Manchester, N.H., trustee.

## AMENDED MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case presents the question of the meaning of the phrase "financial condition" in the exclusionary clause of § 523(a)(2)(A) of the Bankruptcy Code.

Plaintiff in this adversary proceeding brought a complaint pursuant to that statutory provision. Paragraph number five of the complaint alleges "that from February 1990 through May 2, 1990, your debtor represented the fact that he and Old Dover Road Associate, Inc., the entity owning the real estate, were financially solvent and that there were no defaults in the mortgage financing of the debtor, no conflicting leases or tenants in the space requested by the complainant and there was no contemplated or threatened bankruptcy of the debtor; ...."

In paragraph number 14 plaintiff alleges "[t]hat prior to the execution of the lease, your debtor, Sansoucy, represented to the complainant that the electrical service was isolated so the complainant would only be paying for electricity to its space and that the condition of the roof and structure was sound. These representations were false in that your complainant found that it was paying for a substantial portion of all of the electricity within the leased premises and the roof and structure were deficient. Conditions that the debtor was aware of; ...."

At the original pretrial hearing on November 20, 1991, the Court heard argument on defendant's motion to dismiss the complaint for failure to state a cause of action under 11 U.S.C. § 523(a)(2)(A). The Court denied defendant's motion to dismiss and the defendant then moved for reconsideration.

Upon reconsideration, the Court adheres to its denial of defendant's motion to dismiss. However, for the reasons set forth below, that allegation contained in paragraph number five of plaintiff's complaint, claiming that the debtor-defendant orally represented that the partnership of which he was the general partner was "financially solvent," is stricken as a statement respecting the debtor's "financial condition" which falls within and fails to meet all elements of the 523(a)(2)(B) exception to 523(a)(2)(A).

## STATUTE INVOLVED

*11 U.S.C. § 523(a)(2)(A), (B)*

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—...

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or....

## ARGUMENT OF THE PARTIES

In both its motion to dismiss and for reconsideration, debtor-defendant focuses on paragraph number five of the complaint which alleges that debtor-defendant made an oral representation that the general partnership that owned the real estate in which the plaintiff sought to lease space was "financially solvent." According to the debtor, this representation respected the debtor's financial condition and was therefore inactionable under § 523(a)(2)(A).

Further, being an oral misrepresentation of financial condition, it was also inactionable under § 523(a)(2)(B). According to the logic of debtor-defendant's argument on its motion to dismiss, an oral misrepresentation of a debtor's financial condition is inactionable under either § 523(a)(2)(A) or (B).

In response to the motion to dismiss, plaintiff conceded that while its complaint did make allegations that the debtor made an oral misrepresentation relating to the financial solvency of the general partnership owing the real estate, other allegations of misrepresentation contained in the complaint were not statements of financial condition and were thus actionable under § 523(a)(2)(A). Specifically, the plaintiff responded that oral misrepresentations regarding the status of the mortgage condition of the property, the status of conflicting leases, the status of the electrical service to the demised premises, and the condition of the roof were of a nonfinancial nature and were thus actionable under § 523(a)(2)(A).

On reconsideration, debtor-defendant repeated its arguments and emphasized that the allegation in paragraph number five of the complaint was not actionable under § 523(a)(2)(A) because it was a misrepresentation regarding a debtor or insider's financial condition which was not in writing. The debtor-defendant also argued that the legislative history of § 523(a)(2)(A) and (B) clearly indicates that § 523(a)(2)(B) is the only provision applicable to false representations about financial condition and that provision requires the representation to be in writing even though the representation deals with only some of the assets and/or liabilities of the debtor.

## DISCUSSION

In considering a motion to dismiss, this Court is obliged to take all facts as alleged in plaintiff's complaint as true and must construe those allegations in a light most favorable to the plaintiff. The complaint should not be dismissed unless plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99,

101–02, 2 L.Ed.2d 80 (1957); *Melo–Tone Vending, Inc. v. United States,* 666 F.2d 687, 688 (1st Cir.1982).

"Financial condition" is not a defined term in the Code. Presumably, when Congress enacted the Bankruptcy Code, it intended that both § 523(a)(2)(A) and (B) operate in a complementary way. This cannot be done if § 523(a)(2)(B) is read as the debtor argues in both its motion to dismiss and its motion for reconsideration. Such a reading would "compel an odd result" making it unreasonable to believe the Congress intended such an outcome. As stated in *Public Citizen v. Department of Justice,* 491 U.S. 440, 453–54, 109 S.Ct. 2558, 2566, 105 L.Ed.2d 377, 391–92 (1989):

> As we said in *Church of the Holy Trinity v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892) "frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act."

Where the literal reading of a statutory term would "compel an odd result" *Green v. Bock Laundry Machine Co.,* 490 U.S. 504, 508, 109 S.Ct. 1981, 1984, 104 L.Ed.2d 557 (1989), we must search for other evidence of congressional intent to lend the term its proper scope. See also, *e.g. Church of the Holy Trinity, supra,* 143 U.S. at 472, 12 S.Ct., at 516; *FDIC v. Philadelphia Gear Corp.,* 476 U.S. 426, 432, 106 S.Ct. 1931, 1935, 90 L.Ed.2d 428 (1986).

■ Both § 523(a)(2)(A) and (B) remain in full force if the phrase "financial condition" is given its normal commercial meaning, i.e., an *equation* of assets and liabilities and not a statement about the condition or quality of a single asset or liability. Stated otherwise, the Court finds that a "statement of a debtor's or insider's financial condition" as used in § 523(a)(2)(B) means a balance sheet and/or profit and loss statement or other accounting of an entity's overall financial health and not a mere statement as to a single asset or liability. See *In re Pollina,* 31 B.R. 975, 978 (D.N.J.1983).

It is true that all the reported decisions to date tend to support the defendant's view that a statement which misrepresents the status of a single asset or liability is a statement of financial condition and therefore must be in writing to be actionable under the Code. See, *e.g. In re Steinburg,* 744 F.2d 1060 (4th Cir.1984); *In re Prestridge,* 45 B.R. 681 (Bankr.W.D.Tn.1985); *In re Panaia,* 61 B.R. 959 (Bankr.D.MA. 1986); *but cf. In re Pollina,* 31 B.R. 975 (D.N.J.1983). *Pollina* in dicta noted that an oral misrepresentation that certain collateral was free and clear of any liens was actionable under 523(a)(2)(A). *Pollina,* 31 B.R. at 977. Despite the contrary case law, and based on the facts as alleged in the complaint here, this Court adopts the *Pollina* reasoning because it resolves the conflict raised in the present case in a way that reconciles 523(a)(2)(A) and (B) without rendering either a nullity.

■ Under the definition of "financial condition" as an equation of assets and liabilities, and not just one aspect of that equation, it becomes apparent that the clause in paragraph number five of the complaint alleging that the debtor made an oral misrepresentation as to the financial solvency of the partnership owning the property is such a statement of financial condition in that it includes a representation as to the overall economic condition of the partnership. This being the case, the Court rules that that clause of paragraph five of plaintiff's complaint is stricken.

■ At the same time, it is clear that the allegations contained in plaintiff's complaint relating to the status of the mortgage, status of the leased premises, status of the electrical metering system, and the status of the roof are all non-financial condition representations actionable under § 523(a)(2)(A).

Wherefore, for the reasons stated above, the Court strikes complaint paragraph number five as an oral statement respect-

24

ing the debtor's financial condition under § 523(a)(2)(B). All other allegations in the complaint remain actionable under § 523(a)(2)(A) as misrepresentations of a non-financial condition nature.

### ORDER
(Filed Dec. 27, 1991)

This matter came on for a hearing before the Court on December 5, 1991, on debtor-defendant's motion for reconsideration of an order denying its motion to dismiss plaintiff's complaint. All parties present having been heard, the Court hereby orders as follows:

1. The motion for reconsideration is denied. However, that allegation contained in paragraph no. 5 of the plaintiff's complaint, claiming the debtor-defendant orally represented that the partnership of which he was the general partner was "financially solvent," is stricken as a statement respecting the debtor's "financial condition" within the 523(a)(2)(B) exception to 523(a)(2)(A).

2. Debtor's wife, Pamela A. Sansoucy, is stricken as a co-defendant in this adversarial proceeding.

DONE and ORDERED.