In re Conrad J. MARKMUELLER, Debtor.

Bankruptcy No. 93–42765–172.

United States Bankruptcy Court, E.D. Missouri, E.D.

March 22, 1994.

As Amended March 28, 1994 Nunc Pro Tunc March 22, 1994.

Howard S. Smotkin, Riezman & Blitz, P.C., St. Louis, MO, for trustee.

David L. Campbell, St. Louis, MO, for debtor.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the Chapter 7 Trustee's Motion to Compel Conrad Markmueller ("Debtor"), to turn over property of the estate (Document # 22); the Trustee's Objections to Debtor's claims of exemptions (Document # 15); and the Trustee's Objections to the Debtor's Amended claim of exemptions (Document # 21). The determinations and Order herein are based on a consideration of the record as a whole, including a Stipulation of Facts and the legal memoranda submitted by Counsel for the Trustee and Counsel for the Debtor.

This is a core proceeding pursuant to Section 157(b)(2)(B) and (E) of Title 28 of the United States Code. The Court has jurisdic-

tion over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Debtor filed a voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code on May 17, 1993. E. Rebecca Case ("Trustee") was appointed the Chapter 7 Trustee. In the original bankruptcy schedules the Debtor indicated that he possessed unencumbered assets having a value of $226,971.85. The Debtor held these assets jointly with his wife. He listed only one creditor, Ms. Betty Graf ("Graf"), who is owed $40,725.92 as an unsecured creditor by virtue of a judgment obtained in 1989, arising from the sale of unregistered oil and gas investments to Ms. Graf by Debtor. The judgment was not entered against Debtor's wife, with whom he holds the jointly held property. Debtor's Statement of Financial Affairs reflects that Graf had initiated garnishment proceedings to collect on the judgment, and that the return date coincided with the date on which the Debtor filed the petition that commenced this case.

As of January 27, 1994, the Trustee had not concluded the Debtor's examination at the Meeting of Creditors required by 11 U.S.C. § 341. Debtor appeared at his first scheduled Meeting of Creditors with counsel, but was unprepared, and the Trustee continued the meeting to July 23, 1993. The Trustee continued the July 23, 1993 meeting to September 3, 1993 due to a scheduling conflict encountered by Debtor's counsel. At the September 3, 1993 Meeting of Creditors, Debtor appeared and testified for over an hour. After this meeting the Trustee requested additional documentation from the Debtor and continued the meeting to September 24, 1993. Debtor and his counsel failed to appear, indicating by telephone on the day of the meeting that Debtor was ill. The Trustee continued the meeting to November 5, 1993. Debtor and his counsel failed to appear at this continued meeting. The Trustee continued the meeting to January 14, 1994. In the interim Debtor provided the Trustee with some of the additional documentation requested by the Trustee. On the

Trustee's request, the Court entered an Order dated January 3, 1994, continuing the meeting again to February 11, 1994 and requiring the Debtor to appear personally at this meeting.

At the September 3, 1993 examination of Debtor by the Trustee and Trustee's counsel, the Trustee learned that the Debtor was a grantor and a trustee under an "Irrevocable Living Trust Agreement" dated May 3rd, 1984 (the "Trust"). After the September 3rd meeting, and at the Trustee's request, the Debtor provided a copy of the agreement that the Debtor stated is the basis for the Living Trust. Exhibit "A" to *Trustee's Motion to Compel Debtor to Turnover Property of Estate,* Document # 22, filed October 12, 1993.

The Debtor had not disclosed his interests in the Trust or his interests in any of the Trust assets on the Schedules and Statements of Affairs filed in this case. On December 22, 1993, after the Trustee had submitted a Memorandum of Law In Support of the Motion to Compel Turnover of Trust Assets, Debtor's Counsel attempted to cure this deficiency by filing an amendment to Schedule B that listed a "life income beneficial interest in a spendthrift trust", and by filing an amendment to Schedule C that claimed an exemption in the trust agreement. The amendment was not signed by the Debtor. On January 5, 1994, the Trustee filed an objection to the Debtor's attempt to amend his schedules, arguing that the Amendment was not properly filed and that Debtor's failure to disclose the Trust property on his Schedules, and his attempt to conceal his interests therein preclude him from attempting to claim an exemption at this late stage in the bankruptcy proceedings. Debtor's response, filed on January 13, 1994, has argued that because the Trust should qualify as a spendthrift trust under Missouri law and thus be excluded from the bankruptcy estate, Debtor need not have listed his interest in the Trust, or at least he should now be allowed to amend his schedules and claim the exemption.

According to the terms of the Trust, Debtor and his wife at the time the trust was created, Emily L. Markmueller ("Emily"),

were the grantors of the Trust. Debtor and Emily were also the only trustees and income beneficiaries of the Trust. Under the terms of the Trust, the Trustees were granted

> full power and authority to do any and all things necessary or proper to manage and control the property of the trust estate ..., as the Trustees would have the right to do if they were the individual owners [of the trust estate], without being limited in any way by the grant of the specific powers hereinafter set forth.

Exhibit "A" pp. 1–2, *Trustee's Motion to Compel, supra,* filed October 12, 1993.

The Trust Agreement also provided that if either Debtor or Emily died, the survivor would serve as sole trustee. Emily died a month after the creation of the Trust, and the Debtor became the sole trustee and income beneficiary of the Trust. Debtor also had the authority and discretion to invade the principal of the Trust if he determined it to be necessary.

Debtor has from time-to-time since the creation of the trust received both principal and income for his own benefit. *Joint Stipulation of Facts,* Document # 40, filed January 24, 1994.

On July 7, 1990, after Graf obtained her judgment, Debtor as trustee of the trust transferred certain property from the trust to Conrad J. Markmueller and Krystyna Markmueller ("Krystyna"), his wife, as tenants by the entirety.[1]

This Court held a hearing on Trustee's Motion to Compel Turnover of the Assets of the Trust on November 22, 1993. At the hearing the Court found that in fact, Debtor held at least an interest in the property included in the Trust and that Debtor had failed to list or otherwise disclose that interest in his bankruptcy statements and schedules. The Court ordered Debtor to file an accounting of the transactions that occurred in the Trust from May 17, 1989 to the time of filing the petition in this case and enjoined Debtor from transferring, encumbering, or

otherwise controlling any of the Trust property without further order from the Court. *See Order on Trustee's Motion for Turnover of Property of the Estate,* Document # 34, filed November 22, 1993.

Pursuant to this Court's Order of November 22, 1993, Debtor filed an accounting on December 1, 1993 detailing the transactions that occurred in the Trust from May 17, 1989 to the time of filing. According to the Accounting, Debtor sold two assets of the Trust for a total sales price of $23,064.73. The Accounting also indicates that after paying expenses and outstanding debt on the property that was sold, Debtor received all of the remaining cash ($11,839.98) as a distribution. Finally, the Accounting shows that the Trust assets included a piece of real estate in Leslie, Missouri known as the Farm property.

At the November 22, 1993 hearing, Debtor's counsel asserted that the Trust was created as a spendthrift trust and as such is not subject to the claims of Debtor's creditors. Trustee now responds to this claim by arguing that Debtor's failure to list the assets of the Trust on his bankruptcy Schedules precludes him from being allowed to exempt his interests from the Trustee's administration. Alternatively, should the Court find that these assets may be subject to a claim of exemption, Trustee asserts that the Trust is not a valid spendthrift trust under Missouri law and therefore the Debtor's claim of exemption cannot be allowed.

## DISCUSSION

As a general proposition, a debtor may not claim as exempt, property that he concealed and failed to disclose on his bankruptcy schedules. *See Redmond v. Tuttle,* 698 F.2d 414 (10th Cir.1983); *In re Doan,* 672 F.2d 831 (11th Cir.1982); *In re Roberts,* 81 B.R. 354 (Bankr.W.D.Pa.1987); *In re Dorricott,* 5 B.R. 192 (Bankr.N.D.Ohio 1980). In the case now before the Court the Debtor failed to disclose his interest in the Trust property on his Bankruptcy Schedules. At

---

1. As a result of Debtor's failure to disclose the existence of the Trust or its assets, the transfer of certain property from the Trust, or certain other transfers, Trustee filed adversary proceeding No. 93–4519 against Debtor, Krystyna, and Krysty-

na's son, Peter Jaroslaw Stolz to avoid and recover fraudulent transfers. Trustee also filed an objection to Debtor's discharge pursuant to 11 U.S.C. § 727, Adv. No. 93–4532.

the hearing on November 22, 1993, this Court determined that as of the commencement of this case, the Debtor had an interest in the Trust property. The facts have demonstrated that the Debtor failed to disclose certain interests in property that as of the commencement of the case, became assets of the Bankruptcy estate pursuant to 11 U.S.C. § 541.

■ The question then becomes whether Debtor, in his failure to disclose his interest in the Trust property, intended to conceal this property from the creditor and from the Trustee. Direct proof of a debtor's intent (i.e. debtor's state of mind) is nearly impossible to discern. *In re Van Horne,* 823 F.2d 1285 (8th Cir.1987); *In re Oliver,* 145 B.R. 303 (Bankr.E.D.Mo.1992). Consequently, courts may look to the surrounding circumstances from which intent may be determined. *Van Horne,* 823 F.2d at 1287; *Oliver,* 145 B.R. at 307. In the case at bar the Court concludes that the Debtor acted with the requisite intent to conceal his interest in the Trust from his creditors and from the Trustee. The Debtor failed to list his interest in the Trust property anywhere on his schedules; he failed to describe his interest under the Irrevocable Living Trust Agreement; and he also failed to claim any of these interests as exempt on Schedule C, "Property Claimed Exempt". This failure to list substantial assets was not the result of mere oversight. If Debtor sincerely believed that the property was an asset of a valid spendthrift trust, he would have held a strong incentive to list the property in his Bankruptcy papers to insure that he would receive every exemption to which he was entitled.

Furthermore, the Debtor has argued that he failed to list the interests because there was no place in the bankruptcy schedules to list trust assets. This assertion is made despite the section in Schedule B, Item 19 of the Official Forms that requires a Debtor to identify "Contingent and non-contingent interests in ... [a] trust." Alternatively, Item 33 provides for "Other personal property of any kind not already listed." Debtor answered "None" to both of these items in the schedules. As the court in the *Dorricott*

opinion stated, "Many less sophisticated debtors are able to understand the simple directions clearly printed on the forms for filing bankruptcy." *Dorricott,* 5 B.R. at 194–95. Therefore, the Court finds and concludes that for purposes of this consideration, the Debtor intentionally failed to disclose, list or describe prepetition assets, in an attempt to prevent the Trustee from attempting to administer upon the Debtor's interest in this property. In these circumstances, to permit the Debtor to exempt his interest in property that was discovered only through the Trustee's diligence is to condone an improper debtor practice. The Debtor's claim of exemption in the property of the Trust, in the Trust itself and in any proceeds of Trust property that may be recovered for the benefit of this estate must be disallowed.

■ If the Debtor were permitted to claim an exemption notwithstanding his intentional failure to disclose the assets, his claim as stated must fail because the Trust is not a spendthrift trust. Pursuant to the Missouri law applicable to this Trust, "a person may not create a trust for his own benefit and include a provision restraining the rights of his creditors." *Elec. Workers, Local No. 1 Credit Union v. IBEW–NECA Holiday Trust Fund,* 583 S.W.2d 154, 162 (Mo.1979) (en banc).

From the facts presented in this case, it appears that the only creditor in this case obtained a judgment against the Debtor at a time when the Debtor's interests in the Trust and in the Trust property were held in his name only and not as a tenant by the entirety. The property was transferred by the Debtor to the Debtor and his present wife after the Graf judgment but before the commencement of this case. Therefore, the Debtor's amended claim of exemption will not be allowed.

**IT IS ORDERED** that these matters are concluded; and that the Trustee's objection to the Debtor's claim of exemption as set out on Schedule C filed on or about May 17, 1993 is sustained for want of a basis upon which the Debtor is entitled to claim such exemptions; and

That the Trustee's objection to the Debtor's claim of exemption as set out in the Amendment to Schedules filed on or about July 19th, 1993 is sustained for the reasons set out in this Order; and

That the Trustee's objection to the Debtor's claim of exemption as set out in the Amendment to Schedules filed on September 30, 1993 is overruled; and

That the Debtor is to immediately turn over to Rebecca Case, Trustee, all assets contained in the Trust; and

That the Debtor is to pay the Bankruptcy Trustee's costs and attorney's fees in prosecuting these motions; and

That the Debtor's requests in these matters are denied.