**In re Dorothy ESTARELLAS, Debtor.**

No. 03–22287.

United States Bankruptcy Court, D. Connecticut.

Feb. 23, 2006.

Gregory F. Arcaro, Esq., Brown, Paindiris & Scott, LLP, Glastonbury, CT, Counsel for Debtor.

Michael S. Schenker, Esq., Francis, O'Neil & Del Piano, LLC, Hartford, CT, Counsel for John J. O'Neil, Jr., Trustee.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

The matter before the court ("the present proceeding") is the objection of John J. O'Neil, Jr. ("the trustee"), Chapter 7 trustee in the bankruptcy case of Dorothy Estarellas ("the debtor"), to the debtor's second amendment to Schedule C ("Property Claimed As Exempt") in her petition. The issue presented is whether the debtor may apply the Connecticut homestead exemption to her interest in a revocable, self-settled, spendthrift trust ("the Trust") which holds the title to her residence, where she listed neither the property nor the Trust as an asset in her original petition ("the petition").

The debtor, in her first amendment to the petition schedules, listed the residence as her real property and claimed a Connecticut homestead exemption. This court, on June 15, 2005, held that the debtor had an interest in the Trust, not in the residence, and sustained the trustee's objection to the exemption claim ("the June ruling" or "the June proceeding"). The debtor now schedules her interest in

the Trust as personal property, and claims a homestead exemption for her interest in the Trust.

The parties entered into evidence in the present proceeding the joint stipulation of facts and exhibits ("the joint stipulation") filed in the June proceeding. The following background, therefore, incorporates the relevant findings of the June ruling, as well as the additional testimony presented—that of the debtor's original attorney who prepared her petition, and of the trustee.

## II.

### BACKGROUND

The debtor filed her petition on July 22, 2003. In Schedule A ("Real Property") of the petition and in Schedule B ("Personal Property"), in item 18 ("Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property"), and in item 19 ("contingent and non-contingent interests in . . . [a] trust"), she stated "None". In Schedule D ("Creditors Holding Secured Claims"), she listed "HSBC" as holding a mortgage for $25,500 with no identification of any collateral. Claims of unsecured creditors, primarily credit card and personal loan debts, totaled $133,645. The debtor utilized the Federal exemptions and claimed her admitted assets as exempt.

The debtor, on November 9, 2004, filed both an amended Schedule A in which she listed her residence at 1720 South Street, Coventry, Connecticut ("the residence") as real property with a market value of $147,500, subject to a secured claim of $25,500; and an amended Schedule C to assert a homestead exemption of $75,000, pursuant to Conn. Gen.Stat. § 52–352b(t), in the residence. The trustee, on November

ber 12, 2004, filed an objection to the asserted homestead exemption ("the original objection") alleging that the exemption was not authorized by § 52–352b.

The joint stipulation states:

1. By Quitclaim dated February 14, 2001 (Exhibit 1) [the residence] became titled in the name of Dorothy D. Estarellas Revocable Trust.

2. The Debtor occupies [the residence] as her principal residence.

3. The Debtor has no debt that predated October 1, 1993.[1]

*Exhibit 1* is a Connecticut Statutory quit-claim deed, executed by the debtor on February 14, 2001 and recorded on the same date in the Coventry Land Records, which states:

I, Dorothy D. Estarellas, of the Town of Coventry, County of Tolland and State of Connecticut for no consideration, grant to Dorothy D. Estarellas, Trustee of the Dorothy D. Estarellas Revocable Trust Agreement, dated December 15, 2000, with Quit Claim Covenants, all my right, title and interest in [the residence] . . . .

*Exhibit 2* is the Dorothy D. Estarellas Revocable Trust Agreement, dated December 15, 2000. The Trust, in brief, names the debtor as both maker and trustee and provides that principal or income of the Trust be used for the benefit of the debtor during her lifetime, and on her death be distributed equally to her named son and daughter per stirpes, except that the daughter's share remains in trust until she reaches the age of 42. The debtor reserved the right to revoke the Trust. The Trust includes the following spendthrift provision:

[T]he interest of each trust beneficiary shall not be subject to any form of

---

1. The date the revised Connecticut exemption statute became effective.

pledge, assignment, sale, attachment, garnishment, execution or other form of transfer. (Art. IV, ¶ 3.)

*Exhibit 3* is an appraisal finding the value of the residence to be $147,500.

The debtor, in the June proceeding and in the present proceeding, readily conceded that the spendthrift provision of the Trust, under settled Connecticut law, does not shield the Trust assets from the claims of her creditors. *See, e.g. Greenwich Trust Co. v. Tyson,* 129 Conn. 211, 27 A.2d 166 (1942) (spendthrift provisions are invalid in a self-settled trust).

After the court sustained the trustee's objection in the June ruling, the debtor, on August 23, 2005, filed a second amendment to her schedules, making the following changes:

— Schedule A was revised to indicate that the debtor held no interest in real property;

— Schedule B listed the debtor's interest in the Trust as personal property, valued at $147,500; and

— Schedule C claimed a $75,000 homestead exemption, pursuant to Conn. Gen.Stat. § 52–352b(t), in the debtor's interest in the Trust.

The trustee, on September 13, 2005, filed an objection to the debtor's second amended exemption claim, as unauthorized by § 52–352b(t). The court held evidentiary hearings in the present proceeding on December 8, 2005 and January 13, 2006, at which the court heard the testimony of the trustee and of the debtor's original bankruptcy attorney.

The debtor's original attorney testified that he met with the debtor several times to assist her in filing her petition; that the debtor made him aware that title to her residence was held by the Trust at the first such meeting; and that, for reasons he cannot now explain, he advised the debtor that neither the Trust nor the residence need be included in her schedules, which he drafted, as an asset. The trustee testified that at the first meeting of creditors, the debtor, when questioned by him, said that title to her residence was in a trust "to avoid probate"; and she cooperated fully in providing all requested information and documents. The debtor and the trustee submitted post-hearing briefs.

### III.

### *DISCUSSION*

#### *A.*

■ A threshold issue is whether the debtor's failure to disclose her interest in the Trust in her petition precludes her from amending Schedule C to now claim an exemption therein. "As a general proposition, a debtor may not claim as exempt, property that he concealed and failed to disclose on his bankruptcy schedules.... The question then becomes whether Debtor, in his failure to disclose his interest in the Trust property, intended to conceal this property from the creditor and from the Trustee." *In re Markmueller,* 165 B.R. 897, 899–900 (Bankr.E.D.Mo.1994), *aff'd,* 51 F.3d 775 (8th Cir.1995). "The issue of a debtor's intent is a question of fact, or of inference to be drawn from facts, for the bankruptcy court to determine." *In re Yonikus,* 996 F.2d 866, 872 (7th Cir.1993).

■ The court concludes that, although the debtor clearly erred in failing to schedule her interest in the Trust as an asset, the evidence from her original attorney and the trustee supports her contention that she lacked any fraudulent intent to conceal her interest in the Trust from the trustee or her creditors. The debtor notes she did schedule the mortgage on the residence as a secured claim in Schedule D. In

the absence of evidence that the debtor intended fraudulently to conceal assets, she may amend her Schedule C to claim an exemption. *See, e.g. In re Fournier*, 169 B.R. 282, 283 (Bankr.D.Conn.1994) ("The right to amend ... is not the same as the right to the exemption. The general rule is to allow amended exemption claims, absent bad faith, concealment of property, or prejudice to creditors.") (citations and internal quotation marks omitted).

### B.

In Schedule C as presently amended, the debtor claims, pursuant to § 52–352b(t), a homestead exemption in her interest in the Trust. That statute, inter alia, describes as exempt property of any natural person "[t]he homestead of the exemptioner to the value of seventy-five thousand dollars... provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it." Section 52–352a(e) defines "homestead" as "owner-occupied real property ... used as a primary residence." Conn. Gen.Stat. § 52–352a(e). The debtor contends that, although, prepetition, she transferred title to the residence to the Trust, she retained an equitable interest in the residence as a beneficiary of the Trust and is entitled to an exemption therein.

### C.

■ "Homestead exemptions are purely creatures of statute, being unknown at common law. In determining the reach of the Connecticut Homestead Exemption, we look to Connecticut law." *In re Gernat*, 192 B.R. 601, 604 (D.Conn.1996). "[E]xemption laws must be liberally construed in favor of a debtor and/or the debtor's family, so that their purposes may be properly effectuated." *In re Caraglior*, 251 B.R. 778, 782–83 (Bankr.D.Conn.2000)

(citation omitted). The court, despite the liberal construction to be given to exemption statutes, does not accept the debtor's contention that her asserted equitable interest in the Trust entitles her to a homestead exemption therein.

The debtor argues, that because the debtor was, on the petition date, both beneficiary and trustee of the Trust, she was, in effect, the de facto owner of the residence. However, the debtor, having transferred by quitclaim deed her ownership of the residence, to the Trust, cannot now claim to be the owner of the residence. *See* Conn. Gen.Stat. § 47–36f ("A deed entitled 'Quitclaim Deed,' when duly executed, has the force and effect of a conveyance to the releasee of all the releasor's right, title and interest in and to the property described therein except as otherwise limited therein, but without any covenants of title."). *Cf. In re Kujan*, 286 B.R. 216, 221 (Bankr.D.Conn.2002) (Where debtor, prepetition, during a marital dissolution proceeding, quitclaimed marital residence to ex-husband, but was entitled to $74,000 from ex-husband in 2006 on son reaching age 18, court sustained trustee's objection to debtor's claim of "equitable" right to Connecticut homestead exemption of $74,000. "[I]n the wake of the Quitclaim Deed, the Debtor had no interest in the Property itself, having conveyed it all....."). The Trust remains valid despite its spendthrift provision. *Tyson*, 129 Conn. at 224, 27 A.2d 166 ("The fact that the provisions of the trust agreement are ineffective to protect the income of the trust from the claims of [the debtor's] creditors does not invalidate the trust as a whole or in itself destroy the remainder interests created.").

The debtor also relies on the definition of "property" contained in Conn. Gen.Stat. § 52–350a(16) [2]—"property in which a

---

**2.** This statute is part of Chapter 906 of the

Connecticut General Statutes, entitled "Post-

judgment debtor has an interest which he could assign or transfer, including (A) any present or future right or interest, whether or not vested or liquidated . . . ." The debtor argues: "Under this broad definition, therefore, the Debtor, having a current interest, albeit an equitable one, has maintains [sic] an interest in the Trust and/or property that may be exempted from the reach of the Trustee." (Brief at 8.)

The court does not find this argument meritorious. The quoted statute makes it clear a judgment creditor can reach assignable or transferable property of a judgment debtor, but in no sense qualifies the debtor as an "owner" of the residence for the purposes of § 52–352a(e).

## IV.

### *CONCLUSION*

In accordance with the forgoing discussion[3], the court concludes that the debtor is not entitled to claim a homestead exemption in her interest in the Trust. A judgment will enter sustaining the trustee's objection to the debtor's second amended Schedule C. It is

SO ORDERED.

---

judgment Procedures." The Connecticut homestead statutes are part of this chapter.

3. The trustee's further argument concerning the debtor's alleged unreasonable delay in amending her schedules need not be addressed.